### No. 8621.
### First Circuit Appeal.

---

### THE BRUNSWICK-BALKE-COLLENDER COMPANY v. R. L. AITKENS.

(December 30, 1924, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Pleading—Par. 23.**
Where in a suit to collect notes made for rent of billard tables etc., there is no allegation in plaintiff's petition that the tables etc., were delivered to defendant, that defendant has them in his possession or that plaintiff has fulfilled his contract, there will be judgment for defendant as non-suit.

Appeal from the 20th Judical District, Parish of Terrebonne, Hon. Robert B. Butler, Judge.

This is a suit on promissory notes supposed to have been given for the payment

of rent. There was judgment for defendant and plaintiff appealed.

Judgment affirmed and made one of non-suit.

Charles J. Mundy, of Thibodaux, attorney for plaintiff, appellant.

Harris Gagne, of Thibodaux, attorney for defendant, appellee.

ELLIOTT, J. The plaintiff The Brunswicke-Balke-Collender Company, alleging in substance and effect that R. L. Aitkens defendant was indebted unto plaintiff in the sum of $600.00 with interest and attorney's fees, subject to credits in amount about $156.50 for this to-wit: That defendant had entered into a contract of lease with plaintiff for certain movable property described in the lease, giving notes to secure the indebtedness which represented the rental value of the property specified in the lease. That some of the notes given pursuant to the lease had not been paid, etc. The notes and the act called a lease are annexed to and made part of the petition and filed in the record.

The form of the notes is copied into the petition. The notes state on their face that each is given to plaintiff for one month's rent of "Billard Tables and equipment." Each of the notes purports to be due on its face. The act said to be a lease is on a sheet of paper underneath a list of articles etc., and as filled out it is hard to say whether it sufficiently identifies the list of articles above it and the notes sued on as given pursuant thereto or not.

The answer of defendant admits his signature to the notes sued on but denied the indebtedness alleged; there is nothing else alleged for defense. The district judge rendered judgment rejecting plaintiff's demand and the plaintiff has appealed. The plaintiff has filed a brief; we have nothing from defendant; evidently because he knows that very little can be expected as a result of the appeal.

The record contains no bill of exceptions; no note of evidence, all we have before us is plaintiff's petition and documents annexed; the answer judgment order of appeal; appeal bond and minutes of the court.

The judgment recites that the law and the evidence is in favor of the defendant and against the plaintiff and rejects plaintiff's demand; finally under the established jurisprudence of this state we can not review the judgment appealed from in such a case; save as to matters and grounds apparent on the face of the petition and the documents annexed and other pleadings in the case, etc.

It is apparent to us that the district judge concluded that plaintiff on the face of his petition, notwithstanding the notes and the document thereto annexed and made part thereof, did not allege anything that entitled the plaintiff to recover on the notes sued on as rent notes. The petition could have been amended at the right time, but nothing was sought in that respect; yet the notes may be justly due and owing and we have considered that matter.

The law C. C. Art 2669, says that a lease is a contract by which one party gives to another the enjoyment of a thing at a fixed price, Art 2674. "To let out a thing is a contract by which one party binds himself to grant to the other the enjoyment of a thing during a certain time for a certain stipulated price which the other binds himself to pay him, Art 2692. The lessor is bound to deliver the thing leased to the lessee, etc.

Plaintiff sues on notes which say on their face that they were given as rent for Billard Tables and Equipment, etc., but there is no allegation that the Billard Tables and Equipment for the rent of which they

were executed and signed were delivered to Aitkens; or that Aitkens has received them from the plaintiff, has them in his possession, etc., that plaintiff fulfilled the contract of lease, etc., on its part.

We have noticed that plaintiff assigns in his brief as the reason why judgment was rendered against him. We take it that he misunderstood the court. Acts under private signature, such as are annexed to plaintiff's petition do not have to be signed by the Obligee or Creditor, his consent is generally implied.

The judgment appealed from is correct and is hereby affirmed save that plaintiff's demand should have been rejected as in case of non-suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed to the extent that plaintiff's demand is rejected but only as in case of non-suit.

That plaintiff and appellant pay the costs of both courts.